IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER PALMER CHETNEY**,

        Plaintiff,

    v.

**CAROLYN W. COLVIN**,
Commissioner of Social Security,

        Defendant.

Case No. 3:15-cv-01969-SI

**OPINION AND ORDER**

George J. Wall, 1336 E. Burnside Street, Suite 130, Portland, OR 97214. Attorney for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Martha A. Boden, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Peter Chetney ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision is affirmed.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff was born in 1961. AR 126. He dropped out of school after completing the ninth grade. *Id*. His past work experience included work as a roofer and as a forklift operator. AR 170. Plaintiff protectively filed for DIB on August 15, 2011, alleging disability as of August 30, 1999 due to a torn retina, broken ankle, and neck and back pain. AR 126, 184.

Plaintiff's applications were denied initially and upon reconsideration, and he requested a hearing before an ALJ. AR 61, 62, 70, 117. An administrative hearing was held before ALJ Paul Robeck on April 29, 2014. AR 21-41. On May 16, 2014, ALJ Robeck issued a written decision denying Plaintiff's applications. AR 12-16. The Appeals Council denied Plaintiff's subsequent request for review on September 2, 2015, making the ALJ's decision final. AR 1-7. This appeal followed.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20

PAGE 3 – OPINION AND ORDER

    C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

See also *Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

  The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that

the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through June 30, 2006. AR 12. Thus, Plaintiff must show that he became disabled on or before that date. In evaluating Plaintiffs' claim of disability, the ALJ performed the sequential analysis. AR 14. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after August 30, 1999, the alleged disability onset date. *Id*. At step two, the ALJ found that Plaintiff did not suffer from a medically determinable impairment during the relevant period. AR 14-16. Accordingly, the ALJ concluded that Plaintiff was not disabled at any time from his alleged onset date through his date last insured. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred at step two by failing to find his torn retina and degenerative disc disease to be "severe." At step two, the ALJ determines whether the claimant has an impairment that is medically determinable and severe. 20 C.F.R. § 404.1520(a)(4)(ii). To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs—the results of 'medically acceptable clinical diagnostic techniques,' such as tests—as well as symptoms," a claimant's own perception or description of his physical or mental impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). A claimant's own statement of symptoms alone is not enough to establish a medically determinable impairment. *See* 42 U.S.C. § 423(d)(3); 20 C.F.R. § 404.1508; Social Security Rule ("SSR") 96-4p, *available at* 1996 WL 374187, at *1. Only "acceptable medical sources" such as licensed

PAGE 5 – OPINION AND ORDER

physicians may provide evidence to establish a medically determinable impairment. 20 C.F.R. § 404.1513(a); SSR 06-03p, *available at* 2006 WL 2329939, at *2.

"An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting SSR 96-3p, *available at* 1996 WL 374181, at *1). The claimant bears the burden of proof at this stage and the "severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." SSR 85-28 *available at* 1985 WL 56856, at *3. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers, and usual work situation." *Id.* "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect of the impairment omitted at step two." *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July 1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

At step two, the ALJ found that Plaintiff had not shown "medical signs or laboratory findings" to indicate that he suffered from a medically determinable impairment before his date last insured of June 30, 2006. AR 14-16. Plaintiff did not seek treatment for his alleged symptoms and limitations from 1999 through 2010. AR 15. Plaintiff's treatment records from 1996 and 1999 do not indicate a medically determinable severe impairment. In May 1996, a physician reviewed x-rays of Plaintiff's cervical spine and found them to be "essentially negative." AR 369. In November 1996, imaging of Plaintiff's cervical spine was again "essentially negative" and imaging of his lumbar spine showed only mild degenerative changes.

AR 370. No acceptable medical source diagnosed an impairment in Plaintiff's neck or lumbar spine during the relevant period.[1]

When Plaintiff sought treatment in May 2010, he did not complain of neck or back pain or vision problems. AR 249, 252. He denied having any musculoskeletal pain, weakness, loss of sensation, instability, or loss of range of motion. *Id.* His physician noted normal range of motion in Plaintiff's neck, without tenderness. *Id.* Plaintiff also displayed normal strength, normal range of motion, normal response to palpation, normal gait, normal coordination, intact sensation, and pupils that were equally round and responsive to light. *Id.*

When Plaintiff sought treatment in November and December 2010, it was for pain in his ankle. AR 254, 256. He again did not report any pain in his neck or back or problems with his eyes. He was treated in January 2011 for pneumonia and showed no musculoskeletal symptoms. AR 259. He had no tenderness of the cervical, thoracic, or lumbar spine. AR 262. Plaintiff did not report neck or back pain until February 2011. AR 264, 267. In 2011, Plaintiff reported that his upper extremity numbness began in 2010, unaccompanied by neck pain. AR 228. He later reported having "very little" neck pain associated with his neurological symptoms. AR 289.

In sum, Plaintiff's allegations that his torn retina causes lack of depth perception in his right eye, and that his cervical and lumbar degenerative disc disease causes pain and numbness in his arms are not supported by any medical evidence from the relevant period. On this record, the ALJ's step two findings were based upon a reasonable evaluation of the medical evidence consistent with the Regulations. *See* 20 C.F.R. § 404.1520(a) (step two findings must be based

---

[1] In May 1996, before the alleged onset date, a chiropractor diagnosed Plaintiff with a sprain of the cervical spine. AR 368. This diagnosis, however, was not from an acceptable medical source and therefore cannot establish a medically determinable impairment. *See* 20 C.F.R. § 404.1513(a) (only "acceptable medical sources" such as licensed physicians may provide evidence to establish a medically determinable impairment).

PAGE 7 – OPINION AND ORDER

upon medical evidence). Because the ALJ's decision reflects a reasonable evaluation of the record and is based on substantial evidence, his opinion is affirmed.

## CONCLUSION

The Commissioner's decision that Plaintiff is not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 2nd day of August, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
